**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Brad Day, Appellant.

Appellate Case No. 2014-000306

———————

Appeal From Lexington County
Donald B. Hocker, Circuit Court Judge

———————

Unpublished Opinion No. 2016-UP-290
Submitted April 1, 2016 – Filed June 15, 2016

———————

**AFFIRMED**

———————

Deputy Chief Appellate Defender Wanda H. Carter, of Columbia, for Appellant.

Tommy Evans, Jr., of the South Carolina Department of Probation, Parole and Pardon Services, for Respondent.

———————

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: S.C. Code Ann. § 24-21-560(A) (2007) ("[A]ny sentence for a 'no parole offense' as defined in Section 24-13-100 must include any term of incarceration and completion of a community supervision program operated by the

Department of Probation, Parole, and Pardon Services"); S.C. Code Ann. § 24-13-100 (2007) ("For purposes of definition under South Carolina law, a 'no parole offense' means a class A, B, or C felony . . . ."); S.C. Code Ann. § 16-1-90(C) (Supp. 2015) (providing second-degree criminal sexual conduct with a minor is a Class C felony); S.C. Code Ann. § 24-21-560(C) (2007) ("If the [circuit] court determines that a prisoner has [willfully] violated a term or condition of the community supervision program, the court may . . . revoke the prisoner's community supervision and impose a sentence of up to one year . . . ."); S.C. Code Ann. § 24-21-560(D) (Supp. 2015) ("The prisoner must not be incarcerated for a period longer than the original sentence."); *State v. Picklesimer*, 388 S.C. 264, 268, 695 S.E.2d 845, 848 (2010) ("[T]he 'original sentence,' as referenced in section 24-21-560(D), includes both the suspended and unsuspended portions of a circuit court's sentence; it is, in fact, the total sentence handed down by the court."); *State v. Blakney*, 410 S.C. 244, 251, 763 S.E.2d 622, 626 (Ct. App. 2014) (ruling "the existence of a term of probation for the prisoner in *Picklesimer* did not make its holding any less applicable to CSP revocations that do not involve a term of probation").

**AFFIRMED.**[1]

**WILLIAMS and THOMAS, JJ., and CURETON, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.